UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DANIEL DIAZ,                                                 :
                                                             :   **ORDER DENYING HABEAS**
                          Petitioner,                :   **PETITION**
   -against-                                                :
                                                             :   07 Civ. 6585 (AKH)
UNITED STATES,                                               :
                                                             :
                          Respondent.               :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Petitioner Daniel Diaz has filed a motion to vacate, set aside or correct his sentence. On July 18, 2006, I sentenced petitioner to the mandatory minimum term of ten years, or 120 months. Petitioner had pleaded guilty to an indictment charging petitioner and others with conspiring to distribute approximately 12 kilograms of mixtures and substances containing a detectable amount of cocaine. The government's evidence showed an extensive importation, distribution and laundering-of-money network, based in Philadelphia and extending into New York City. In also showed that petitioner was an organizer and leader of five or more persons.

       The gravamen of petitioner's argument, as his application for review pursuant to 28 U.S.C. § 2255, is that his counsel gave him a constitutionally inadequate representation. There are three specifics: (1) failure to take advantage of the safety valve to permit a sentence below the statutorily-mandated minimum of 10 years; (2) failure to request a reduction for a minor role in the offense; and (3) failure to file a notice of appeal. Petitioner's arguments are without merit.

       The issue of the safety valve, and whether petitioner should pursue it, came up at the plea allocution. The government represented that petitioner had failed a safety-valve effort.

1

I told petitioner that he did not need the government's consent and that he could prove his entitlement to my satisfaction as late as the sentencing hearing:

> I advise you, Mr. Diaz, that the safety valve does not require the government's consent. If you feel it is appropriate, you would be able to put your client on the witness stand and elicit testimony that satisfies the safety valve. Of course, the government can impeach your client and can offer rebuttal testimony, but it's a judge finding, not dependent on cooperation from the government.

Plea Tr., 11/10/05, 31.

Petitioner also was aware that if he told the truth about his criminal activity, he would expose himself to even higher punishment. He cannot blame his attorney for his own calculated decisions. Cf. Stano v. Dugger, 921 F.2d 1125, 1154 (11th Cir. 1991) ("We conclude that a competent, knowledgeable defendant can make an informed, voluntary choice to plead guilty and that he subsequently cannot fault his attorney for ineffective assistance of counsel after receiving an unexpected sentence."). This argument is without merit.

Petitioner next argues that his attorney provided ineffective assistance of counsel by failing to seek a role reduction in the Petitioner's Sentencing Guidelines level. Had Petitioner's counsel sought a role reduction, he would have been in explicit violation of the plea agreement, under which Petitioner agreed to a sentence calculated without a role reduction. Moreover, even absent the considerations of the plea agreement, defense counsel was not in error in deciding not to seek a role reduction. The Sentencing Guidelines provide that a defendant's base offense level may be reduced by two levels if the defendant was a minor participant, meaning that the defendant was "less culpable than most other participants, but whose role could not be described as minimal". U.S.S.G. § 3B1.2, comment 5. Based on the Government's representations in its Pimentel letter submitted in October 2005, it is extremely unlikely that Petitioner would have qualified for the role reduction. Thus, this argument too is without merit.

With regard to Petitioner's third argument, counsel's failure to notice an appeal, the proof is divided on whether petitioner so instructed or not. He says he did; his counsel and petitioner's family says he did not. But the material and controlling fact is that he knowingly and voluntarily waived his right to appeal, or to seek post-conviction review, as part of his plea agreement. His plea agreement provided, "It is agreed (i) that defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence at or below the Stipulated Guidelines Sentence of 120 months". Petitioner acknowledged that waiver in his plea allocution.

According petitioner's petition is denied. Further, I deny a certificate of appealability, for there has not been a substantial showing of the denial of a constitutional right. Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk shall mark the case closed.

Dated:   February ___, 2008
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge